UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN ROBINSON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:07CV1259 CEJ |
| PAT SMITH, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the petition of Justin Robinson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition, and the issues are fully briefed.

## Background

Robinson was charged by information with one count of unlawful use of a weapon. The charges stemmed from an incident that occurred in June 2003, in which Robinson, while in a moving vehicle, fired a rifle into a house. Following a jury trial in the Marion County, Missouri Circuit Court, Robinson was found guilty and was sentenced, as a prior offender, to a fifteen-year term of imprisonment. The judgment was affirmed by the Missouri Court of Appeals. Resp. Exh. E. Robinson's subsequent Rule 29.15 motion was denied by the motion court and on appeal. Resp. Exh G at 3-14 and Resp. Exh. K. Robinson now asserts seven grounds for habeas corpus relief.

## Procedural Default Analysis

In Ground Seven, Robinson contends that he was denied effective assistance of counsel at trial. Specifically, he alleges that defense counsel had a conflict of interest because she was dating the prosecutor during the trial. Respondent argues that the

claim in Ground Seven is procedurally barred because it was not raised on direct appeal.

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

Robinson did not raise the claim in Ground Seven on direct appeal or in any other proceeding before the state courts. As a result, he has defaulted on this claim. In cases where the state prisoner has defaulted on his federal claim in state court pursuant to independent and adequate state procedural rule, federal habeas review of claims is barred unless prisoner can demonstrate cause for default and actual prejudice as a result of alleged violation of federal law, or demonstrate that failure to consider claims will result in fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Here, Robinson has not shown any factor external to the defense prevented him from raising the claim in Ground 7 and, therefore, he has not demonstrated cause for his default. Likewise, Robinson has not demonstrated actual prejudice. Therefore, this claim is procedurally barred.

## Merits Analysis

"In the habeas setting, a federal court is bound by the AEDPA [Anti-Terrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Ground One**: Robinson argues that he was denied due process because the trial court did not conduct an evidentiary hearing on his motion to suppress

3

statements. He argues that the court was required to make a factual determination regarding the voluntariness of his statements. Id.

The Missouri Court of Appeals rejected this claim on direct appeal. Resp. Exh. E. The appellate court noted that Robinson signed a written statement acknowledging that he had been read the Miranda[1] warnings, that he understood them, and that no threats or promised had been made to him. Id. at 4. Additionally, the appellate court found that there was no trial testimony "regarding any potential circumstances that would lead the court to believe the statements were involuntary." Id. at 4-5.

The Missouri Court of Appeals' ruling is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. 28 U.S.C. § 2254(d). So, to the extent that petitioner is claiming that the Missouri Court of Appeals incorrectly applied state evidentiary law, the claim is not cognizable. As a result, Ground One fails on the merits.

**Grounds Two, Three and Four:**

In Grounds Two, Three and Four, Robinson challenges the sufficiency of the evidence to convict. He contends that there was not enough evidence to deny his acquittal (Ground Two); there was not enough evidence to show that he was the shooter (Ground Three); and that "the state failed to prove that the offense took place 'within any city, town, or village,' since the only evidence was that it took place within the Mason Township, County of Hannibal" (Ground Four).

The relevant question in determining the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

In this case, the State introduced sufficient evidence showing that Robinson fired a gunshot into the residence at 4210 Primrose. Resp. Exh. at 5. The evidence came in the form of eyewitness testimony from the driver of the van from which the shot was fired; a resident of 4210 Primrose who was at home at the time of the shooting; and the responding officer. Id. at 5-6. A rational trier of fact could have concluded, after hearing this testimony, that the State had proved its case beyond a reasonable doubt.

With regard to Ground Four, the State provided sufficient evidence to prove that the shooting took place "within any city, town, or village." As discussed above, there was witness testimony that the shooting took place in Mason Township. Resp. Exh. A-1 at 110. Also, the trial court took judicial notice of the fact that all of Mason Township is within the City of Hannibal. Resp. Exh. A-2 at 211-212. Furthermore, as the Missouri Court of Appeals found, there was sufficient evidence in the record from which the jury could have concluded that the offense occurred "within any city, town, or village." Resp. Exh. E at 9. A rational trier of fact could have concluded the same.

The Missouri Court of Appeals' ruling is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. 28 U.S.C. § 2254(d). As a result, Grounds Two, Three, and Four fail on the merits.

**Ground Five**:

5

Robinson asserts that the trial court erred in allowing the State to amend the information (charging document) on the day of trial to include the fact that he had shot from a motor vehicle. Petition at 5E-F.

Missouri Supreme Court Rule 23.08 provides that, "[a]ny information may be amended or an information may be substituted for an indictment at any time before verdict or finding if: (a) [n]o additional or different offense is charged, and (b) [a] defendant's substantial rights are not thereby prejudiced." Additionally, as held in Blair v. Armontrout, 916 F.2d 1310, 1329 (8th Cir. 1990), "states are not bound by the technical rules governing federal criminal prosecutions; the crucial question in state prosecutions is whether the defendant had sufficient notice of the potential charges against him that he could prepare to contest those charges."

During the trial, the prosecutor requested leave to amend the information to reflect the required punishment pursuant to section 571.030, and to correct the subsection to which the information referred from section 571.030.9, to 571.010.1(9). Resp. Exh. E at 9. Petitioner made no formal objection to this request or to the trial court's decision to allow the state leave to amend the information. Id.

The Missouri Court of Appeals held that the original information sufficiently set forth the facts underlying the charge to advise Robinson of the offense with which he was being charged. The court further held that the consequence of the erroneous citation to section 571.030.9 instead of section 571.030.1(9) was "not a charge against defendant of a different offense." Id. at 10. The court went on to note that while the range of punishment was changed in the amended information, it was only one factor to be considered and that fact alone was not dispositive of a claim that offenses are different. Id.

6

The Missouri Court of Appeals' ruling is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Robinson had sufficient notice of the charge and ample opportunity to defend against it. Additionally, he has failed to show that his substantial rights have been prejudiced. Ground Five fails on the merits.

**Ground Six**:

Robinson asserts that trial counsel was ineffective for failing to conduct a pre-trial deposition of a witness, and for failing to request a mistrial when the witness became unavailable during trial. Petition at 5F. He contends that witness Rebecca Moyers' testimony was necessary to contradict the testimony of the State's witness, Donald Selmon.

To prevail on an ineffective assistance of counsel claim, a petitioner must fist establish that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 694, 700 (1984). Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987), the court wrote that "the courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed . . . and his best judgment as to the attitudes and sympathies of the judge and jury." Furthermore, "[t]he fact that the choice made later proves to have been unsound does not require a finding of ineffectiveness." Id. [I]t is not enough to complain after the fact . . . when in fact the strategy at trial may have been

7

reasonable in the face of an unfavorable case." Id. (citing Strickland, 466 U.S. at 690); see also Shaw. v. United States, 24 F.3d 1040, 1042 (8th Cir. 1994)(trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful); Henderson v. Norris, 118F.3d 1283, 1287-88 (8th Cir. 1997), cert denied, 522 U.S. 1129 (1998)(matters of trial strategy are presumed correct).

Even if a petitioner shows that counsel's performance was objectively unreasonable, he must also show that the deficient performance prejudiced his defense. Winfield v. Roper, 460 F.3d 1026, 1033 (8th Cir. 2006). "This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [petitioner]." Id. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Id. (citing Wiggins v. Smith, 539 U.S. 510, 534 (2003)). "Merely showing a conceivable effect is not enough. [Petitioner] must demonstrate that there is a reasonable probability that absent counsel's inadequate representation, the jury would not have [convicted him]." Id.

The Missouri Court of Appeals found that Moyers would have only testified that she lacked knowledge of the incident, which does not establish a defense. Resp. Exh. K at 3. Furthermore, the found that the prejudicial effect of the nonappearance of a witness who would have testified that she did not know whether or not the defendant committed the charged offense is not a so great that a mistrial would certainly be granted. Id. at 3-4.

The Court agrees with the Missouri Court of Appeals' sound reasoning. Robinson fails to show that counsel's strategy was deficient in a manner that prejudiced his defense. Strickland, 466 U.S. at 687, 694, 700. Additionally, his unsupported

8

assertions of what Moyers' testimony might have been fails to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. As a result, Ground Six fails on the merits.

## Conclusion

For the foregoing reasons, the Court concludes that Robinson is not entitled to habeas corpus relief. Additionally, the Court will not issue a certificate of appealability because Robinson has not made a substantial showing of the denial of a constitutional right.

Dated this 7th day of July, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE